UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Janice Avery-Walthall,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No.: 2:21-cv-02372-SHL-atc |
| ) | Jury Trial Demanded |
| **Memphis-Shelby County Airport Authority,** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER

Defendant, Memphis-Shelby County Airport Authority ("Defendant" or "MSCAA"), by and through undersigned counsel, submits this Answer in response to the Complaint as follows:

### I. THE PARTIES TO THIS COMPLAINT

1. Upon information and belief, Defendant admits the allegations contained in Paragraph I.A. of the Complaint.

2. Defendant admits the allegations contained in Paragraph I.B. of the Complaint.

3. Defendant admits the allegations contained in Paragraph I.C. of the Complaint.

### II. BASIS FOR JURISDICTION

4. In response to Paragraph II. of the Complaint, Defendant admits that Plaintiff's Complaint purports to assert a discrimination claim under Title VII of the Civil Rights Act of 1964, but denies that any unlawful employment practices have been committed against Plaintiff.

### III. STATEMENT OF CLAIM

5. Defendant admits that Plaintiff brings this lawsuit alleging termination, failure to promote, and retaliation, but denies that it has committed any acts giving rise to any such allegations as alleged in Paragraph III.A. of the Complaint, and denies any wrongdoing or liability.

6. Defendant denies that it engaged in any discriminatory acts against Plaintiff as alleged in Paragraph III.B. of the Complaint.

7. Defendant denies the allegations contained in Paragraph III.D. of the Complaint.

8. With respect to the allegations contained in Paragraph III.E. of the Complaint, Defendant admits only that Plaintiff describes the purported statutory and factual basis for her claim, but denies that it has violated any of the laws or statutes referred to therein, and denies the remaining allegations contained in Paragraph III.E. of the Complaint.

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

9. In response to Paragraph IV.A. of the Complaint, Defendant admits only that Plaintiff filed a charge with the Equal Employment Opportunity Commission. Defendant, Defendant denies that it engaged in any discriminatory conduct as alleged therein, and denies the remaining allegations contained in Paragraph IV.A. of the Complaint.

10. In response to Paragraph IV.B. of the Complaint, Defendant admits only that the Equal Employment Opportunity Commission issued a Right to Sue Letter. Defendant is without sufficient knowledge as to the date upon which Plaintiff received the Right to Sue Letter, and therefore denies the same.

## V. RELIEF

11. With respect to the allegations contained in Paragraph V. of the Complaint, Defendant admits only that Plaintiff attempts to describe her cause of action and the relief sought. Defendant denies that any unlawful employment practices have been committed against Plaintiff,

avers that Plaintiff is not entitled to any relief sought, and denies the remaining allegations contained in Paragraph V. of the Complaint.

## VI. CERTIFICATION AND CLOSING

12. Defendant is not required to respond to Paragraph VI. of the Complaint as Plaintiff made no allegations in Paragraph VI. of the Complaint.

13. Any allegations not heretofore admitted, answered, denied, modified, or explained are hereby denied.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff's claims are outside the applicable statutes of limitations, or other timeliness requirements, Plaintiff's claims are barred.

2. To the extent Plaintiff has failed to state a claim, her Complaint is barred and should be dismissed.

3. To the extent Plaintiff has failed to exhaust any administrative remedies available to her, Plaintiff's Complaint should be dismissed.

4. To the extent Plaintiff has failed to mitigate her damages, Plaintiff's recovery of damages is barred, or alternatively, must be reduced.

5. Defendant avers that its actions with respect to Plaintiff were based upon valid business reasons and not related to Plaintiff's race, sex, any protected activity, or any other unlawful bias.

6. Any action taken by Defendant was based on legitimate and non-discriminatory factors and not because of any unjustified or unlawful reasons.

7. Defendant avers that there were legitimate, nondiscriminatory reasons for its actions which were not pretextual and that it has not violated any law and/or constitutional or statutory provision, and has acted in good faith.

8. All actions taken by Defendant were neither willful nor wanton, were without malice or reckless disregard for any protected rights, and were consistent with business judgment.

9. Without admitting any allegation in the Complaint, in the event that Plaintiff's race, sex, or alleged protected activity is found to have been a motivating factor in any decision made by Defendant, Defendant avers that it would have taken the same action even in the absence of said motivating factor.

10. Without admitting any wrongful conduct, Defendant states that it neither authorized nor ratified any alleged wrongful conduct by any employee, agent, or representative, and, therefore, it cannot be held liable for damages.

11. Without admitting any allegation contained in the Complaint, to the extent that Plaintiff's Complaint purports to allege unlawful harassment by any alleged employee of Defendant, Defendant exercised reasonable care to prevent and/or correct any unlawfully harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

12. Without admitting any allegation contained in the Complaint, Defendant avers that it cannot be held strictly liable for any alleged unlawful harassment perpetrated by any individual who was not a supervisor of Plaintiff.

13. Without admitting any allegation contained in the Complaint, Defendant avers that some or all of the allegations contained in the Complaint are barred, and/or recovery thereof should

be reduced to the extent that Plaintiff suffered no adverse employment action as a result of the alleged harassing conduct.

14. Without admitting any allegation contained in the Complaint, Defendant avers that it has an effective and widely disseminated policy prohibiting unlawful harassment and this policy provides a reasonably available procedure by which Plaintiff could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged harassment or retaliation; and to the extent Plaintiff availed herself of this policy and Defendant took prompt and effective remedial action, Plaintiff's claims are barred. To the extent Plaintiff failed to avail herself of this policy, her claims are barred.

15. Defendant avers that in the event that any of the allegations of harassment occurred, Defendant took prompt and effective action to remedy any such acts and has no liability for them.

16. Defendant avers that in the event that any of the allegations of harassment occurred, they did not rise to the level of severe and pervasive harassment and therefore Defendant are not liable.

17. Defendant asserts that this action is frivolous, unreasonable, and groundless, and, accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

18. Defendant asserts the affirmative defenses of statute of limitations, failure to exhaust administrative remedies, mitigation, the after-acquired evidence doctrine, res judicata, collateral estoppel, and judicial estoppel, as these defenses may be developed during the course of this litigation.

19. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

**WHEREFORE,** having fully answered, Defendant prays that this Court enter judgment in its favor for costs, including attorneys' fees, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/Louis P. Britt III
Louis P. Britt III (Tenn. #5613)
Mollie K. Wildmann (Tenn. #37012)
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN 38120
(901) 291-1500 (tel)
lbritt@fordharrison.com
mwildmann@fordharrison.com

*Attorneys for Defendant*
*Memphis-Shelby County Airport Authority*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer has been served on the person below named via U.S. Mail, postage pre-paid, on this the 2nd day of August, 2021, upon:

Janice Avery-Walthall
9791 Windward Slope Drive
Lakeland, TN 38002
(901) 848-2008
javerywalthall@gmail.com

*Pro Se Plaintiff*

s/Louis P. Britt III